IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTARY PENSION FUND, CENTRAL LABORERS' ANNUITY FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' RETIREMENT WELFARE FUND, NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, ILLINOIS LABORERS' - EMPLOYERS' COOPERATION & EDUCATION TRUST, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, MIDWEST REGION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. |
| CENTURY ASPHALT AND CONSTRUCTION, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.,* by their attorneys, CAVANAGH & O'HARA LLP, complain of the Defendant, CENTURY ASPHALT AND CONSTRUCTION, INC.., alleging as follows:

### COUNT I
### DELINQUENT CONTRIBUTIONS

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141

*et seq.* ("LMRA").

2. Plaintiffs Central Laborers' Pension Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time.

3. The Central Laborers' Pension Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund receive contributions from numerous employers, and therefore, are multiemployer plans. (*See* 29 U.S.C. §1002).

4. A copy of the pertinent provisions of the trust agreement for Plaintiffs Central Laborers' Pension Fund is attached hereto as Exhibit "A", and fully incorporated herein and made a part hereof by this reference.

5. The Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named Plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these Plaintiffs.

6. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

7. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

8. Plaintiff Central Laborers' Pension Fund's plan is administered in Morgan County,

Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois.

9. The Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant's business address is Bourbonnais, Illinois.

10. Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff Central Laborers' Pension Fund and other named Plaintiff trust funds pursuant to a collective bargaining agreement and participation agreement to which Defendant is a party or otherwise bound (the "labor agreements"). Copies of said agreements are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

11. The labor agreements bind Defendant to the provisions of the Plaintiffs' respective trust agreements.

12. Pursuant to the labor agreements and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

13. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of Plaintiffs' trust agreements. (*See* 29 U.S.C. §1145).

14. Defendant employed individuals during the time period of June 2015 through October 2016, who performed work under the collective bargaining agreement for which contributions are owed to Plaintiffs.

15. The Defendant reported hours worked by its employees during the time period of June 2015 through October 2016, but failed to pay Plaintiffs all contributions that were owed to Plaintiffs for the hours of work performed.

16.     Plaintiffs have determined that Defendant owes Plaintiffs contributions of $65,516.67 for hours of work performed by Defendant's employees during the time period of June 2015 through August 2016.

17.     Pursuant to the terms of the labor agreements and trust agreements, Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely.

18.     Defendant owes Plaintiffs liquidated damages of $6,551.67 (10% of the contributions that were not timely paid) for known hours of work performed by Defendant's employees during the time period of June 2015 through August 2016.

19.     Defendant also employed individuals during the time period of November 2014 and August 2016, who performed work under the collective bargaining agreement for which contributions are owed to Plaintiffs.

20.     The Defendant reported hours worked by its employees during the time period of November 2014 and August 2016, but failed to timely pay Plaintiffs all contributions that were owed to Plaintiffs for the hours of work performed.

21.     As a result, Defendant incurred liquidated damages of $1,625.18 for failure to timely remit contributions to the Plaintiffs.

22.     After the crediting the Defendant for certain overpayments to the Plaintiffs for separate months worked, Defendant owes Plaintiffs the total sum of $73,040.54. A breakdown of the damages is attached hereto as Exhibit C.

23.     Plaintiffs have demanded that Defendant pay to Plaintiffs the contributions and all other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiffs the contributions and all other amounts owed.

24.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in

this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *       *       *
>
> **(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> **(A)**     the unpaid contributions,
>>
>> **(B)**     interest on the unpaid contributions,
>>
>> **(C)**     an amount equal to the greater of –
>>
>>> **(i)**     interest on the unpaid contributions, or
>>>
>>> **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> **(D)**     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> **(E)**     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS'

PENSION FUND *et al.*, and against CENTURY ASPHALT AND CONSTRUCTION, INC.in the sum of $73,040.54, and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered;

    B.    That CENTURY ASPHALT AND CONSTRUCTION, INC., is ordered to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

    C.    That CENTURY ASPHALT AND CONSTRUCTION, INC., is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings;

    D.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT II
## DELINQUENT CONTRIBUTIONS/COMPEL PAYROLL AUDIT

    1.    Plaintiff re-asserts and re-alleges paragraphs 1 through 24 of Count I as paragraphs 1 through 24 of Count II as if fully set forth herein.

    25.    Defendant employed individuals during the time period of January 1, 2011, through the present who have performed hours of work under the collective bargaining agreement for which contributions are owed to Plaintiffs.

    26.    Pursuant to the labor agreements and trust agreements, Plaintiffs have the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiffs all required contributions under the labor agreements.

    27.    Plaintiffs demanded that Defendant provide its relevant payroll and other business records for purposes of an audit for the time period of January 1, 2011, to a current date to be established by Plaintiffs' auditor, but Defendant has refused to provide Plaintiffs with its payroll

and other business records for purposes of an audit.

28.     Defendant owes Plaintiffs contributions for all unreported and unpaid hours of work performed by its employees for the time period of January 1, 2011, to present.

29.     Pursuant to the terms of the labor agreements and trust agreements, Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely.

30.     Defendant breached the provisions of the labor agreements and trust agreements by refusing to provide Plaintiffs with its payroll and other business records for purposes of an audit.

31.     Pursuant to the terms of the labor agreements and trust agreements, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

32.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *          *          *
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A)     the unpaid contributions,
> >
> > (B)     interest on the unpaid contributions,
> >
> > (C)     an amount equal to the greater of –
> >
> > > (i)      interest on the unpaid contributions, or
> > >
> > > (ii)     liquidated damages provided for

>>under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>>(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>>(E) such other legal or equitable relief as the court deems appropriate.
>
>For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.,* and against CENTURY ASPHALT AND CONSTRUCTION, INC., for all fringe benefit contributions, interest and liquidated damages owed to Plaintiffs for the time period of January 1, 2011, through a future date including without limitation the ending date of any payroll compliance audit;

B. That CENTURY ASPHALT AND CONSTRUCTION, INC., be ordered to provide and or make available to Plaintiff or its auditor, within 30 days of the judgment, all payroll and other business records of CENTURY ASPHALT AND CONSTRUCTION, INC., for the time period of January 1, 2011, through a future date determined by Plaintiffs or its auditor, in order for Plaintiffs to determine the fringe benefit contributions and other sums owed by CENTURY ASPHALT AND CONSTRUCTION, INC.to Plaintiffs;

C. That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of

January 1, 2011, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA;

    D.    That CENTURY ASPHALT AND CONSTRUCTION, INC., is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings;

    E.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

                      Respectfully submitted,
                      CENTRAL LABORERS' PENSION,
                      FUND *et al*.
                      Plaintiffs,

By:    s/ Jacob A. Blickhan
        JACOB A. BLICKHAN
        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        2319 West Jefferson
        Springfield, IL 62705
        Telephone (217) 544-1771
        Facsimile (217) 544-9894
        jacobblickhan@cavanagh-ohara.com